

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

*Overrule op. No 2789*
*and opinion Book*
*383 page 904 (1938)*

PRICE DANIEL
ATTORNEY GENERAL

January 16, 1951

Hon. William N. Hensley
Criminal District Attorney
San Antonio, Texas

Dear Mr. Hensley:

Opinion No. V-1143.

Re: Constitutionality of Article
7258a, V.C.S., providing that
a tax assessor-collector's
certificate that taxes have
been paid shall be conclusive
proof of payment.

You request the opinion of this office as to the constitutionality of Article 7258a, V.C.S. (Acts 41st Leg., 2nd C.S. 1929, ch. 77, p. 153). This statute provides:

"Sec. 1. On and after October 1st, 1929, the Tax Collector or his deputy of any county in this State containing 210,000 population or more according to the last preceding federal census, or any city or political subdivision or tax assessing district within any such county shall, upon request, issue a certificate showing the amount of taxes, interest, penalty and costs due, if any, on the property described in said certificate. When any certificate so issued shows all taxes, interest, penalty and costs on the property therein described to be paid in full to and including the year therein stated, the said certificate shall be conclusive evidence of the full payment of all taxes, interest, penalty and costs due on the property described in said certificate for all years to and including the year stated therein. Said certificate showing all taxes paid shall be admissible in evidence on the trial of any case involving taxes for any year or years covered by such certificate, and the introduction of the same shall be conclusive proof of the payment in full of all taxes, interest, penalty and costs covered by the same.

"Sec. 2. If any such certificate is issued or secured through fraud or collusion, the same shall be void and of no force and effect, and any such Tax Collector or his deputy shall be liable upon his official bond for any loss resulting to any such County or city or political subdivision or tax assessing district or the State of Texas, through the fraudulent or collusive or negligent issuance of any such certificate."

Two opinions of this office written during prior admin-
istrations hold that this statute is unconstitutional because it vio-
lates Article III, Section 55 of the Constitution of Texas, which pro-
hibits the Legislature from releasing or extinguishing any indebted-
ness, liability or obligation of any corporation or individual to the
State, and Article VIII, Section 10 of the Constitution of Texas,
which prohibits the Legislature from releasing the inhabitants, or
property, in any city or town, from the payment of taxes levied
for State and county purposes. See Att'y Gen. Op. 2780 (1929) and
Atty Gen. Op. Book 383, page 904 (1938).

Since the writing of these opinions the Circuit Court
of Appeals in Amerada Petroleum Corp. v. 1010.61 Acres of Land,
etc., 146 F.2d 99 (C.C.A. 5th 1944), has upheld the constitutionality
of this statute.

While this is a decision of a Federal court construing
a State statute, we feel impelled to follow it. The basis upon which
the conclusion of the court in the Amerada case rests is stated as
follows:

> "The statute under construction here does not
> purport to surrender or release to anybody any tax
> that is really due. It is not intended to be, it is not, a
> statute of limitation. It is intended, in the interest of
> the public, to make real and dependable the sometimes
> illusory presumption that officers will do, and have
> done, their duty, and to provide security against secret
> tax liens analogous to that security which is provided
> against other secret liens under the registration laws
> of the state. It operates not as a gift or grant but as a
> wise provision in the interest of the State and its people
> for protection against secret and undisclosed liens. It
> is equitable in its content. In its effect it is consistent
> with general public policy. It is not intended to violate,
> it does not operate as a violation of, the invoked pro-
> visions of the Constitution against releasing debts or
> obligations.
>
> " . . .
>
> "When the purpose of the statute in question here,
> to protect innocent purchasers against secret liens, is
> considered in the light of its strong terms, completely
> avoiding all collusive or fraudulent certificates and
> making the collectors liable on their bonds for losses
> resulting from their collusive, fraudulent, or negligent
> issuance, it is quite plain that the Legislature did not
> intent to release or extinguish, the act does not have

the effect of releasing, taxes. It represents merely
an exercise by the Legislature of its broad powers of
protecting persons against secret and undisclosed tax
claims. Appellant bought the land on the faith of the
certificate. It is entitled to abide in that faith and to
hold the property and its proceeds free of the then
denied, the now claimed, lien."

We therefore overrule Atty Gen. Op. 2780 (1929) and
Atty Gen. Op. Book 383, page 904,(1938), in so far as they are con-
trary to the holding in the Amerada case.

## SUMMARY

Article 7258a, V.C.S., providing that in counties
of 210,000 or more population the tax assessor-collec-
tor's certificate that taxes have been paid shall be con-
clusive proof of payment, is constitutional. Amerada
Petroleum Corp. v. 1010.61 Acres of Land, 146 F.2d
99 (C.C.A. 5th 1944).

Yours very truly,

PRICE DANIEL
Attorney General

By W. V. Geppert
W. V. Geppert
Assistant

APPROVED:

Jesse P. Luton, Jr.
Assistant

Charles D. Mathews
First Assistant

WVG/mwb